UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

THE UNITED STATES OF AMERICA,

v.                                                          Case No: 8:23-cr-00380-KKM-TGW

CHARLES EDWARD SMITH,

    Defendant.
_____

## ORDER

On February 6, 2024, Smith filed an untimely motion in limine seeking to prevent the United States from cross-examining character witnesses with respect to three prior incidents. Motion in Limine (MIL) (Doc. 41). The first two incidents are 1999 and 2000 arrests for domestic violence battery. The third is a workplace altercation from 2021. After argument at the pretrial conference and review of the United States' response, Resp. (Doc. 51), I **GRANT-IN-PART** and **DENY-IN-PART** the motion.

The Federal Rules of Evidence permit a criminal defendant to "offer evidence of the defendant's pertinent trait." FED. R. EVID. 404(a)(2)(A). But if the defendant opens the door, "the prosecutor may offer [his own character] evidence to rebut it." *Id.* And "[o]n cross-examination of the character witness, the court *may allow* an inquiry into relevant specific instances of the person's conduct." *Id.* 405(a) (emphasis added).

1

Whether to allow the United States to cross-examine Smith's character witnesses regarding the three incidents is a matter of discretion. *See United States v. Hough*, 803 F.3d 1181, 1191 (11th Cir. 2015) ("The government generally enjoys wide latitude to test a defendant's character testimony on cross-examination and the district court has wide discretion to control the questioning." (citations and quotations omitted)). That discretion "is subject to two limitations: (1) the government must have a good faith factual basis for the incidents raised during cross-examination of the witness; and (2) the incidents inquired about must be relevant to the character traits at issue in the case." *United States v. Adair*, 951 F.2d 316, 319 (11th Cir. 1992). Smith does not dispute that the United States has shown the required good-faith factual basis or that the three incidents are relevant to his good character for peacefulness and abiding by the law. Instead, the parties dispute the introduction of the incidents under Rule 403 and whether their probative value is substantially outweighed by the risk of unfair prejudice and jury confusion. I address each instance in turn, grouping the 1999 and 2000 domestic violence arrests together first.

I exclude any reference to the 1999 and 2000 arrests for several reasons. First, at nearly twenty-five years of age, they are quite stale. *Cf. Michelson v. United States*, 335 U.S. 469, 484 (1948) (explaining that a district court could have, but was not obliged to, exclude questioning of character witnesses about the defendant's twenty-seven-year-old arrest when only some of the witnesses would have known the defendant at the time of the

2

arrest). Second, these arrests were wholly domestic disputes with—at least for one incident—contributing aggression by the counter-party. *See* (Doc. 41-1) at DISC-00082. Certainly suggestions of domestic violence raise the prospect of prejudice that is different in kind from that raised by workplace altercations. Third, the events took place years before Smith's character witnesses knew him. *See* MIL at 8.

As a result, any attempt to rebut the allegations of these domestic disputes will inevitably invite significant jury confusion as the parties litigate decades-old domestic violence incidents within an otherwise straightforward workplace dispute case. For perspective, the parties estimated one day for trial, which accords with my understanding of the allegations of a simple assault occurring between two janitorial staff at the VA hospital. *See* Indictment (Doc. 21). Thus, introducing evidence of two twenty-five-year-old domestic disputes will unreasonably expand the length and scope of trial (potentially by days), causing confusion and substantial prejudice to Smith. For all these reasons, I find that the prejudice and jury confusion substantially outweighs the probative value of these two incidents. The United States may not cross-examine Smith's character witnesses regarding either the 1999 or the 2000 arrest.

The 2021 workplace violence incident is another story. That altercation is not stale, concerns the exact kind of conduct at issue in this case, and the opinion witnesses knew Smith during the time of the incident, so it bears directly on their opinion testimony for

3

peacefulness. *See* MIL at 2. Because the 2021 incident is highly probative to test Smith's character witnesses and is minimally prejudicial, I permit the United States to cross-examine using it. Smith, of course, may attempt to rehabilitate his character witnesses on redirect.

**ORDERED** in Tampa, Florida, on February 16, 2024.

Kathryn Kimball Mizelle
United States District Judge